WANGELIN, a. k. a. DORMAN WANGELINE, Plaintiff-Appellee, v. FERRO CONCRETE CONSTRUCTION CO. et, Defendants-Appellants.

Ohio Appeals, Second District, Miami County.

No. 485.  Decided December 18, 1954.

Joseph W. Sharts, Harold H. Singer, Robert M. Brown, Dayton, for plaintiff-appellee.

John R. Kenney of Taft, Stettinius & Hollister, Cincinnati, Baird Broomhall, Troy, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment for $22,000.00 in favor of the plaintiff and against the defendant, The Ferro Construction Company, entered upon an unanimous verdict of a jury, which also found for the plaintiff on defendant company's counterclaim.

The petition and amended petition set out four causes of action, three of which were not submitted to the jury for the reason that the first and second causes of action were dismissed by plaintiff and the fourth cause of action for a decree for a mechanic's lien to the equity side of the court was held in abeyance. The cause was submitted on the issues drawn upon the third cause of action of the amended petition, answer and reply.

Although there were defendants other than The Ferro Concrete Construction Company, they are not involved in this appeal.

The third cause of action of the amended petition was in quantum meruit for the sum of $30,000.00 for work, tools, and equipment claimed to have been furnished by plaintiff to defendant at its special instance and request in construction of and erecting a packing plant and disposal plant on premises owned by Braun Bros. Packing Company and on which defendant, The Ferro Concrete Construction Co., was the principal contractor.

Defendant, in its answer to the third cause of action, averred that it had paid plaintiff in full, and generally denied the other allegations.

Plaintiff replied with a general denial and a plea of payment.

Fourteen errors are assigned, argued at length in the briefs, which cite about a hundred cases and texts, and were also presented orally.

Before coming to the specific assignments of error, we make the observation that the cause was well and carefully tried, and a very difficult case was presented to the jury about as correctly and effectively as could have been done under the circumstances.

The trial judge, with counsel, gave pre-trial consideration to the issues drawn, what should be presented to the jury, and the law controlling. During the progress of the case the jury was excused on many occasions and court and counsel labored, at considerable length, in attempting to resolve the disputed questions of law as they arose and without prejudice that might have resulted had there been a discussion in the presence of the jury.

At the conclusion of the cause the trial judge submitted to the jury for determination twenty-one specific items. The trial judge, before argument, gave three of the ten specific charges requested by defendant, and three of the thirteen special charges requested by plaintiff. These charges set forth the respective theories of the parties as to the law controlling the determination of the jury on the issues presented. Considerable space is devoted in appellant's brief as to the essentials of proof of the extent of agency of defendant's superintendent, but it

requested no specific charge on the subject. At the conclusion of the arguments the trial judge gave a written general charge which was with the jury, as were his special charges, in its deliberations.

The trial consumed two weeks time, and resulted in a record of nine volumes, four of which comprise the almost 900 pages of testimony. The conflict in testimony was about as complete as could be conceived. At times it was difficult to appreciate that the witnesses for the different parties were testifying respecting the same job.

The plaintiff offered a number of witnesses who testified that thousands of bricks were unloaded at distances from 200 to 500 feet from the building in progress of construction. That plaintiff's men were required to use his trucks to move these bricks to the place where they were to be laid; that because of the muddy condition of the ground many times it was impossible to move the trucks any considerable distance; that they stalled, had to be unloaded and the bricks moved by other means to the building site. That these operations took months of time and the service of a number of men, all of which is developed in the record. It was the contention of plaintiff that no part of this moving of these bricks was his obligation under the written contract. To the contrary, the superintendent on the job testified that the moving of the bricks was not particularly difficult; that the placing of these bricks was the obligation of the plaintiff but that they were moved by defendant's men with defendant's trucks. This contrariety of statement is typical of many others relating to the issues, all of which the jury had to resolve.

Plaintiff contended that he was assured that material which he was to handle would be available as needed and that his work would be completed in December, 1950, but that defendant failed completely to perform, as agreed; that because of the delay plaintiff was required to carry on his work in winter weather almost unprecedented in its severity, a condition which he had no reason to anticipate and was not required to assume under the written contract.

The jury was afforded the assistance of experts as to the reasonable value in unit charges for the extra services plaintiff claimed he was required to perform, and the evidence also developed the wages which plaintiff's employees, brick layers, and hod carriers had to be paid. The extent of the extra services which plaintiff claimed was also developed.

We have read every line of the almost 900 pages of the record, the briefs of counsel, their argument on trial and, insofar as required, have examined numerous exhibits and cases cited. The principles involved do not require extended citation and discussion of authority  The assignment of most substance is the size of the verdict. No interrogatories were submitted to the jury whereby we may make determination whether or not the allowances as to any items were excessive. The defendant had the right to so test the general verdict. A reversal because the judgment is excessive would require that it be set aside in its entirety. This, in our judgment, is not justified.

Coming then to the specific assignments, appellant first assigns as error the overruling of a motion of defendant to strike the third cause of action in the plaintiff's petition and amended petition, and to require

plaintiff to elect upon which cause of action in the petitions he intended to rely. It will be denied. Before any testimony was taken, plaintiff dismissed the first cause of action. If it be conceded that plaintiff was required to elect before he had offered all of his evidence in chief, which we do not hold, it is clear that the defendant could not have been prejudiced by the failure of the court to act sooner than it did. There was no motion for continuance, nor is there any showing that the defendant was taken by surprise by the action of the court.

The second error assigned is the failure of the court to require plaintiff to amend his petition by setting out in detail in his third cause of action what he intended to prove. The pleading was the usual form of assumpsit, common count, in quantum meruit and defendant could very properly have required a more detailed statement, if requested earlier, but the motion was untimely, coming as it did after the issues had been made up and the cause ready to proceed to trial to the jury. **3 O. Jur 780.**

The third assignment is directed to the action of the trial judge in overruling defendant's motion for a directed verdict on plaintiff's trial statement. The sixth and seventh assignments of error relate to the renewal of the motion to direct a verdict at the conclusion of the plaintiff's case and the whole case. The trial statement was not vulnerable to the motion to dismiss and the evidence required the submission of the case to the jury.

The fourth and fifth assignments, directed to the admission and rejection of evidence, are without merit.

The thirteenth assignment challenges the correctness of the action of the court in overruling the motion of defendants for judgment nonobstante veredicto. It follows from what we have said as to assignments Nos. 3, 6 and 7 that No. 13 is not well made.

The eighth and ninth assignments urge as error the action of the court in giving certain of the special charges before argument, as requested by plaintiff, and error in the general charge. We do not find any prejudicial error in plaintiff's special charge No. 13 given before argument, or in the general charge to the jury.

The tenth assignment is that the court erred in submitting the question of extra work to the jury for consideration, inasmuch as the plaintiff neither pleaded nor proved by clear and convincing evidence that there was a waiver by this defendant of the provisions of the written agreement that no claim for extra work should be made or allowed unless authorized in writing by this defendant. Defendant answered without testing the failure of plaintiff to plead a waiver of the terms of the written contract. We do not believe that it was the obligation of the court to compel plaintiff to amend at the time that the question was raised. If the plaintiff had the right to go to the jury, the court properly instructed as to his obligation to prove by clear and convincing evidence that there was a waiver by the defendant of the provisions of the written agreement as to claims for extra work. There were circumstances, and some direct evidence, upon which the jury could find that the defendant had waived the provisions of the contract

to which we have just referred, and also that the items in controversy were not included within the terms of the contract or in contemplation of the parties when it was entered into.

Defendant's Special Charge No. 1, given to the jury before argument, definitely sets forth its theory of the law controlling the issues and therein was stressed the force and effect of that part of the contract which we are now discussing, and the only conditions upon which the plaintiff could avoid the obligations of these provisions. Likewise, defendant's special charge, given as No. 2, before argument, set forth in detail the obligation upon plaintiff before he could recover to prove that the written contract:

"* * * was abandoned or waived by The Ferro Concrete Construction Company or abrogated by mutual consent of the parties, or that there was a substitution of a new written or oral agreement between the parties for a valuable consideration, which definitely and finally rescinded said written agreement, or that plaintiff was prevented by the defendant, The Ferro Concrete Construction Company, from completing such work.

"The Court further instructs you that as a matter of law, plaintiff has neither pleaded nor proved that the said contract of August 3, 1950 has been abandoned, waived or abrogated, or that plaintiff was prevented by the defendant, The Ferro Concrete Construction Company, from completing such work, and that plaintiff has not pleaded that said contract was replaced by a new agreement entered into by the parties for a valuable consideration. Therefore, the jury should not consider the value of any work performed in accordance with or under the terms of the agreement of August 3, 1950, and the plans and specifications thereto, and the plaintiff, Dorman Wangelin, is limited to recovery in this case to extra work performed at defendant's request, if the jury should find that the plaintiff has performed such work."

The other assignments of error challenge the verdict and judgment as being excessive, contrary to and against the manifest weight of the evidence.

We cannot find any of these assignments well made. There was probative evidence of every element essential to plaintiff's recovery on quantum meruit, as defined by the court. If we had the means of knowing the respective amounts awarded the plaintiff on the various items considered by the jury, we could act more intelligently upon the question of the excessiveness of the verdict. Upon the over all amount assessed, we cannot say that it is excessive, nor contrary to or against the manifest weight of the evidence.

We find no error assigned established to the extent that the rights of defendant were prejudiced in the trial of the cause.

The judgment will be affirmed.

WISEMAN, PJ, MILLER & HORNBECK, JJ, concur.